Filed 9/17/20  P. v. Lara CA2/3
Dissenting opinion attached

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JORGE LOPEZ LARA,<br><br>     Defendant and Appellant. | B299714<br><br>(Los Angeles County<br>Super. Ct. No. A885034) |

APPEAL from an order of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

A jury found Jorge Lopez Lara guilty of first degree murder with a deadly weapon. Years later, he petitioned for resentencing under Penal Code[1] section 1170.95. The trial court summarily denied the petition. He appeals and contends that the trial court failed to comply with the procedure in section 1170.95. We disagree and affirm the order.

## BACKGROUND[2]

In 1987, Lara was at a gym with Luis Salcedo. (*People v. Lara, supra*, B031490.) Both had been drinking and smoking PCP. (*Id.* at p. 2.) Lara forced Salcedo to fight with another man for money and Lara said he would kill for the money if he had to. Thereafter, a witness saw Lara fight with Salcedo and choke him into unconsciousness. The witness helped Lara carry Salcedo outside so that he could get some air. Lara said they should kill Salcedo because Salcedo's family would retaliate if they heard about the fight. The witness refused to help and, as he left, he saw Lara kicking Salcedo in the head. Salcedo died from blunt force trauma to the head. A brick with traces of Salcedo's hair and blood was found by a dumpster.

A jury found Lara guilty of first degree murder (§ 187, subd. (a)) with personal use of a deadly weapon (§ 12022, subd. (b)). (*People v. Lara, supra*, B031490.) In 1987, the trial

---

[1] All further statutory references are to the Penal Code.

[2] The background regarding Lara's underlying crime is from our colleagues' opinion affirming the judgment of conviction. (*People v. Lara* (Nov. 1, 1989, B031490) [nonpub. opn.].) Respondent's motion for judicial notice of that opinion filed on July 10, 2020 is granted. (Evid. Code, § 451, subd. (a).)

court sentenced Lara to 25 years to life plus one year for the weapon enhancement under section 12022, subdivision (b).

Thereafter, Senate Bill No. 1437 (2017–2018 Reg. Sess.) took effect January 1, 2019. That law amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. Based on the new law, a person convicted of murder under a felony murder or natural and probable consequences theory may petition the sentencing court for vacation of the conviction and resentencing, if certain conditions are met. (§ 1170.95.)

Lara petitioned for resentencing under that new law. In his form petition, Lara checked boxes indicating: (1) a complaint, information or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he was convicted of first or second degree murder under one of those doctrines, and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189. Lara also checked boxes to indicate he was not the actual killer, did not have the intent to kill or to aid and abet the actual killer, was not a major participant in the felony or act with reckless indifference to human life during the course of the crime, and to request that the court appoint counsel for him during the resentencing process. He also checked a box that there had been a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life.

The trial court appointed counsel to represent Lara in the proceedings on the petition. The district attorney asked for an extension of time to file an informal response to the petition.

Without ruling on that request, and in the absence of Lara and counsel and briefing, the trial court summarily denied the petition, stating in its order that the court file reflected that Lara was convicted of first degree murder with personal use of a deadly or dangerous weapon "as the actual killer and direct perpetrator." Therefore, Lara was ineligible for relief.

## DISCUSSION

Lara contends that the trial court erred in summarily denying his petition before hearing from the parties.[3] As we now explain, our principal task in interpreting a statute is to determine legislative intent and to give effect to the law's purpose. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, fn. 8 (*Verdugo*), review granted Mar. 18, 2020, S260493.) Our task leads us to conclude that the trial court properly denied the petition.

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder. (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.) To that end, the natural and probable consequences doctrine no longer applies to murder. And a participant in

---

[3] The Supreme Court is considering whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 and when the right to appointed counsel arises under subdivision (c) of that section. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)

enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also added section 1170.95. "Pursuant to subdivision (a) only individuals who meet three conditions are eligible for relief: (1) the person must have been charged with murder 'under a theory of felony murder or murder under the natural and probable consequences doctrine,' (2) convicted of first or second degree murder, and (3) can no longer be convicted of first or second degree murder 'because of changes to Section 188 or 189 made effective January 1, 2019.' " (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Courts of appeal have interpreted section 1170.95 to provide for multiple reviews of a petition by the trial court. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897, review granted Aug. 12, 2020, S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 974; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57–58, review granted Mar. 18, 2020, S260410; *Verdugo*, *supra*, 44 Cal.App.5th at p. 328.) Subdivision (b) of section 1170.95 describes an initial review to determine the facial sufficiency of the petition. (*Verdugo*, at p. 328.) To be facially sufficient, the petition must contain the petitioner's declaration that the petitioner is eligible for relief according to the criteria in subdivision (a), the case number and year of conviction, and whether the petitioner is requesting appointment of counsel. (§ 1170.95, subd. (b)(1).) If the petition is missing any of this information "and cannot be readily

5

ascertained by the court, the court may deny the petition without prejudice." (§ 1170.95, subd. (b)(2).) This initial review amounts essentially to a ministerial review to ensure that the right boxes are checked.

Subdivision (c) of section 1170.95 then describes the next two levels of review. It provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The first sentence in subdivision (c) refers to a prebriefing, initial prima facie review to preliminarily determine a petitioner's statutory eligibility for relief as a matter of law. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.) In this step of review, the trial court determines, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief. (*Id.* at pp. 329–330.) The court may review the complaint, the information or indictment, the verdict form or the documentation for a negotiated plea, and the abstract of judgment. (*Ibid.*) A court of appeal opinion is part of the appellant's record of conviction (*id.* at p. 333), as are jury instructions (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055). If these documents reveal

6

ineligibility for relief, the trial court can dismiss the petition. (*Verdugo*, at p. 330.)

But, if the record of conviction does not establish as a matter of law the petitioner's ineligibility for resentencing, evaluation of the petition proceeds to the second prima facie review, in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.) The trial court must accept as true the petitioner's factual allegations and make a preliminary assessment regarding whether the petitioner would be entitled to relief if the factual allegations were proved. (*Id*. at p. 328.)

We agree with those courts of appeal that interpret section 1170.95 to permit a trial court to make an initial determination whether the petitioner may be entitled to relief, without first appointing counsel. The structure and grammar of subdivision (c) of that section "indicate the Legislature intended to create a chronological sequence: first, a prima facie showing; *thereafter*, appointment of counsel for petitioner; then, briefing by the parties." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 332, italics added; accord, *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1140.) As *Verdugo* at pages 328 to 329 noted, to hold otherwise that counsel must be appointed once a petitioner files a facially sufficient petition renders subdivision (c) redundant to subdivision (b)(2).

And, where a cursory review of the record of conviction shows that the petitioner is not entitled to relief under Senate

7

Bill No. 1437, it " 'would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous.' " (*People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1138.)

That is the case here. The trial court appointed counsel for Lara and notified the deputy district attorney also to assign counsel. But, before any briefing occurred and out of counsel's presence, the trial court summarily denied the petition because its file showed that Lara was the actual killer and direct perpetrator. Although the trial court did not identify specifically what documents it reviewed in its file, the preliminary hearing transcript and the opinion affirming the judgment of conviction support the trial court's conclusion. In short, a witness heard Lara say Salcedo needed to be killed to silence him and saw Lara beat Salcedo. An officer found a bloody brick near Salcedo's body. Lara's sole theory of defense at trial was that the witness killed Salcedo. (*People v. Lara, supra*, B031490, at p. 3.) The jury, however, found Lara guilty of first degree murder with a weapon enhancement. In doing so, the jury rejected the theory that someone else killed Salcedo.

The record of conviction therefore shows that Lara was the actual killer or direct perpetrator. As such, he was ineligible for relief under Senate Bill No. 1437, and the trial court properly denied his petition without further briefing or hearing.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:


EDMON, P. J.

LAVIN, J., Dissenting:

For the reasons laid out in my dissent in *People v. Tarkington* (2020) 49 Cal.App.5th 892, I would reverse the order.


LAVIN, J.